# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| Amanda Lewis, | : |
|         Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Glasser and Glasser, P.L.C.; and DOES 1-10, inclusive, | : **COMPLAINT** |
|         Defendants. | : |

For this Complaint, Plaintiff, Amanda Lewis, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Amanda Lewis ("Plaintiff"), is an adult individual residing in Rising Sun, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Glasser and Glasser, P.L.C. ("Glasser"), is a Virginia business entity with an address of 600 Dominion Tower. 999 Waterside Drive, Norfolk, Virginia 23510, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Glasser and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

6. Glasser at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Glasser for collection, or Glasser was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Glasser Engages in Harassment and Abusive Tactics

11. In or around February 2015, Plaintiff agreed for Glasser to automatically withdraw monthly payments from her bank account in order to pay off the outstanding judgment against her.  Glasser told Plaintiff that it would send her paperwork so that she could authorize the automatic payments.

12. Thereafter, Plaintiff did not receive any paperwork from Glasser.

13. On February 28, 2015, Glasser withdrew the first payment from Plaintiff's account.  However, Glasser did not withdraw payments in March or April.

14. On or about April 7, 2015, Glasser mailed Plaintiff a letter stating that it had not received payment and that the payment arrangement was in default.  However, the letter also told Plaintiff that she should disregard the letter if her payment had already been made.  Since

Glasser had already withdrawn at least one payment of which Plaintiff was aware, she believed that she could disregard the letter.

15. On May 22, 2015, Glasser garnished Plaintiff's bank account for the full amount of the Debt. Glasser was able to garnish Plaintiff's bank account because it had Plaintiff's banking information that she provided as part of the payment arrangement.

16. When Plaintiff called Glasser to find out why her account was garnished, Glasser told Plaintiff it was because she never signed the agreement authorizing the automatic payments.

17. However, Plaintiff never received any such agreement from Glasser.

C. **Plaintiff Suffered Actual Damages**

18. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

26. Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 13, 2016

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF